invoiced; and that on or about said date of exportation such or similar merchandise was not freely offered to all purchasers for exportation to the United States.

4. That the above-entitled appeal for reappraisement may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Upon the agreed facts, I find foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise marked "A" and initialed JZ, by Examiner Joseph Zeikel, on the invoices covered by this appeal for reappraisement and that such value was German deutsche marks 5,070 per engine, plus export packing as invoiced.

Judgment will be entered accordingly.

(Reap. Dec. 10640)

H. ZWART & CO., INC. *v.* UNITED STATES

Entry No. 976026, etc.

(Decided December 17, 1963)

*Sharp & Bogan* for the plaintiff.

*John W. Douglas,* Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement, listed in the schedule attached to this decision and made a part hereof, were submitted for decision upon the following stipulation:

IT IS STIPULATED AND AGREED by and between Counsel for the Plaintiff and the Assistant Attorney General, Counsel for the United States:

1. That the merchandise covered by the present appeals for reappraisement consists of hardboard manufactured in France and exported to the United States by the Societe Francaise pour le Commerce Exterieur de Panneaux (EXPANO) and is described on the invoices as Isogil hardboard D-3;

2. That at the times of exportation of such merchandise, its export value within the meaning of Section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, was less than its foreign value within the meaning of Section 402a(c) of that Act;

3. That foreign value as defined in Section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for determining the value for appraisement of this merchandise, and that such value is;

A. On *R61/18760* and *R61/19423:* N. Frs. 3.70 per square meter—less 31%, less 1%, less 1½%, less 20%, plus packing;

B. On *R61/18761, R61/18762* and *R61/18763:* N. Frs. 3.72 per square meter, less 31%, less 1%, less 1½%, less 20%, plus packing;

That as to all other merchandise covered by the invoices pertaining to these appeals for appraisement, Plaintiff hereby abandons its appeal; and that these appeals for reappraisement are deemed submitted upon the foregoing stipulations.

Upon the agreed facts, I find foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for determining the values of the Isogil hardboard D-3, covered by these appeals for reappraisement, and that such values were as follows:

In R61/18760 and R61/19423: Nouveau francs 3.70 per square meter, less 31 percent, less 1 percent, less 1½ percent, less 20 percent, plus packing.

In R61/18761, R61/18762, and R61/18763: Nouveau francs 3.72 per square meter, less 31 percent, less 1 percent, less 1½ percent, less 20 percent, plus packing.

In all other respects and as to all other merchandise, the said appeals for reappraisement having been abandoned are hereby dismissed.

Judgment will be entered accordingly.

(Reap. Dec. 10641)

THE DURABLE FLOOR AND TILE CO.
JUDSON SHELDON INTERNATIONAL CORP. } *v.* UNITED STATES

Entry No. 6351–H.

(Decided December 17, 1963)

*Sharp & Bogan* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation:

IT IS STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General, Counsel for the United States:

1. That the merchandise covered by the present appeals for reappraisement consists of hardboard manufactured in France and exported to the United States by the Societe Francaise pour le Commerce Exterieur de Panneaux (EXPANO) and is described on the invoices as Isogil hardboard D-3 or D-6 and Isorel hardboard D-3;

2. That at the times of exportation of such merchandise, its export value within the meaning of Section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, was less than its foreign value within the meaning of Section 402a(c) of that Act;

3. That foreign value as defined in Section 402a(c) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for